## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Josue Lopez, being duly sworn, depose and state:

### Introduction

1. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, *United States Code*, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, *United States Code*.

2. I am a Special Agent (SA) with Homeland Security Investigations (HSI) and have been so since March 2018. I am currently assigned to the Immigration Crimes Group in San Juan, Puerto Rico. Prior to my appointment as a HSI SA, I was appointed in 2008 as a Border Patrol Agent with the United States Border Patrol. As a HSI SA, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the *United States Code*, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

3. The facts and information contained in this affidavit are based upon my training and experience, participation in this investigation, personal knowledge and observations during this investigation, as well as the observations of other agents and police officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of records, documents, and other physical evidence obtained during the investigation.

4. This affidavit contains information necessary to support probable cause. It is not intended to include each and every fact and matter observed by me or known to the United States. This affidavit contains information necessary to support probable cause for a criminal complaint charging Jose Rodolfo LOPEZ-Amparo, a.k.a. Jose LOPEZ-Amparo (LOPEZ-Amparo), with violation of 8 U.S.C. § 1326(a) & (b)(1) (Reentry of Removed Alien).

**Probable Cause**

5. On March 19, 2025, at approximately 6:55 a.m., LOPEZ-Amparo was encountered and arrested without incident by Immigration and Customs Enforcement (ICE) / Enforcement and Removal Operations (ERO) in conjunction with HSI agents in San Juan, Puerto Rico. LOPEZ-Amparo was arrested at or near Avenida de Diego in San Juan, as part of a targeted enforcement action.

6. HSI SAs conducted surveillance near 1305 Calle Delta and Avenida de Diego, San Juan, to locate LOPEZ-Amparo who was being investigated for violation of Title 8 of the *United States Code*. Agents observed LOPEZ-Amparo near Avenida de Diego, approached him, and requested his identification information, which he

2

provided. Agents performed an immigration examination and determined that LOPEZ-Amparo was illegally present in the United States. Record checks further revealed that LOPEZ-Amparo was national and citizen of the Dominican Republic.

7. Subsequently, agents conducted an immigration inspection on LOPEZ-Amparo to determine his admissibility and it was determined that LOPEZ-Amparo was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, other valid entry document, a valid unexpired passport, or document of identity and nationality to enter, pass through, or remain in the United States. Agents determined that LOPEZ-Amparo was inadmissible to the United States and arrested and transported him to the ICE/ERO Office in Guaynabo.

8. As to LOPEZ-Amparo immigration and criminal history, record checks revealed the following:

   a. LOPEZ-Amparo is a native and citizen of the Dominican Republic by virtue of his birth in Francisco de Macoris, Dominican Republic and previously entered the United States at or near Mayaguez, Puerto Rico on or about December 2018.

   b. On June 1, 2010, LOPEZ-Amparo was encountered in San Juan, Puerto Rico and received a final order of removal after being processed as an Expedited Removal. LOPEZ-Amparo was physically removed from the United States to the Dominican Republic on that same date.

   c. On December 14, 2017, LOPEZ-Amparo was encountered by law enforcement at sea while attempting to enter Puerto Rico illegally near Rincon, Puerto Rico. LOPEZ-Amparo was turned over to US Border Patrol for processing. LOPEZ-Amparo was processed for an Expedited Removal and received a final order of removal on December 15, 2017. On January 19, 2018, LOPEZ-Amparo was convicted in the United States District Court for the District of Puerto Rico, under case number 17-CR-0644-01, for violation of 8 U.S.C. § 1326(a) [Reentry of a removed alien]. LOPEZ-Amparo was sentenced to time served. On February 20,

2018, LOPEZ-Amparo was physically removed from the United States to the Dominican Republic.

9. Further investigation and records checks revealed that no application to request permission on Form I-212 (Application for Permission to Reapply for Admission into the United States After Deportation or Removal) had been filed on behalf of LOPEZ-Amparo at United States Citizenship and Immigration Services ("USCIS"). Thus, LOPEZ-Amparo has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

10. On March 19, 2025, LOPEZ-Amparo, a national and citizen of the Dominican Republic, was found in the United States after been previously removed from the United States. LOPEZ-Amparo was not admitted, inspected, or paroled into the United States by an immigration officer, nor did LOPEZ-Amparo present himself at a designed port of entry for inspection.

**Conclusion**

11. Based on the facts contained herein, there is probable cause to believe that LOPEZ-Amparo committed the following Federal offense: 8 U.S.C. § 1326(a) & (b)(1) (Reentry of Removed Alien).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

*[signature]*
Josue Lopez
Special Agent
Homeland Security Investigations

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 10:15 a.m. on the 20th day of March, 2025.

*[signature]*
Marcos E. López
Magistrate Judge
United States District Court
District of Puerto Rico